IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICARDO JAQUEZ;<br>ISRAEL DAVID FLORES,<br>a/k/a IZZY;<br>MICHELLE LEE FULLER;<br>JOSE MANUEL JAQUEZ,<br>a/k/a CASH;<br>JACOB EDWARD LAMBERT;<br>ASHLEY MARIE BLEECKER;<br>ALFREDO HERNANDEZ JAQUEZ,<br>a/k/a FREDDY;<br>WESLEY WAYNE TOLLESON; and<br>JASON LEONARD GULDEN | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violation:  21 U.S.C. § 846 |

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2020 through the date of this Indictment, in the Districts of North Dakota, Minnesota, South Dakota, Western Texas, and elsewhere,

RICARDO JAQUEZ;
ISRAEL DAVID FLORES, a/k/a IZZY;
MICHELLE LEE FULLER;
JOSE MANUEL JAQUEZ, a/k/a CASH;
JACOB EDWARD LAMBERT;
ASHLEY MARIE BLEECKER;
ALFREDO HERNANDEZ JAQUEZ, a/k/a FREDDY;
WESLEY WAYNE TOLLESON; and
JASON LEONARD GULDEN

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Drug Quantity

The amount involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

### Prior Conviction

Before committing the instant offense, ISRAEL DAVID FLORES, a/k/a IZZY, had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of North Dakota, Case No. 3:07-cr-00012-RRE, by judgment entered on or about July 26, 2007, under 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, for which he served more than 12 months of imprisonment and for which he was released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.    It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, South Dakota, Texas, and elsewhere;

 2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

 3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

 4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

 5. It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App, to send and receive payment for and proceeds of methamphetamine sales;

 6. It was further a part of said conspiracy that one or more conspirators possessed firearms during, in relation to, and in furtherance of the conspiracy;

 7. It was further a part of said conspiracy that one or more conspirators threatened violence and used intimidation to protect their criminal activities;

 8. It was further a part of said conspiracy that one or more conspirators used social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine;

 9. It was further a part of said conspiracy that one or more conspirators used encrypted messaging applications, including but not limited to WhatsApp, to facilitate the distribution of methamphetamine;

10. It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, South Dakota, and Texas to obtain, transport, and distribute methamphetamine;

11. RICARDO JAQUEZ acted as an organizer, leader, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 846, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

                      A TRUE BILL:

                      /s/ Foreperson
                      Foreperson

/s/ Jennifer Klemetsrud Puhl
JENNIFER KLEMETSRUD PUHL
Acting United States Attorney