Local AO 472 (Rev. 5/19)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) ORDER OF DETENTION PENDING |
| | )  TRIAL |
|     vs. | ) Case No. 3:25-cr-110 |
| Ricardo Jaquez, | ) |
|     Defendant. | ) |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

## PART I – FINDINGS AND CONCLUSIONS

☑ **Alternative A** – The Court finds:
- ☑ (1) (a) There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**
- ☐     (b) Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**
- ☐ (2) (a) Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**
- ☑     (b) Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

☐ **Alternative B** – The Court finds one or more of the following:
- ☐ (1) The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.
- ☐ (2) The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.
- ☐ (3) The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☐ **Alternative C** – The Court finds one of the following:
- ☐ (1) Defendant does not contest detention at this time.
- ☐ (2) Defendant is not eligible for release at this time.
- ☐ (3) Defendant shall remain in custody until a residential reentry placement is available.

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION
See Attached

## PART III – DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date: May 22, 2025                      /s/ Alice R. Senechal
                                                       United States Magistrate Judge

PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

On May 21, 2025, the court held a hearing on the United States' motion for pretrial detention of Ricardo Jaquez. Along with its assertion of the 18 U.S.C. § 3142 presumption that applies because of the nature of the charge against him, the United States proffered significant evidence supporting that charge. The proffered evidence included Jaquez having transported large quantities of controlled substances from Texas to North Dakota for distribution on Native American reservations and other locations, Jaquez's association with a controlled-substance supplier known to be affiliated with a Mexican drug cartel, Jaquez's known gang membership, "hundreds" of recorded calls and text messages obtained through Title III orders, and evidence provided by a confidential source. The United States described evidence of Jaquez's involvement in "daily deals" to distribute controlled substances on the Turtle Mountain Indian Reservation over a period of several months. The United States also proffered evidence of a recorded April 2025 call described as Jaquez threatening to harm himself or others rather than going to jail. Jaquez requested release to his residence in Oakes, North Dakota, where he lives with and cares for his young child who has special needs. The Pretrial Services Report shows Jaquez has had steady employment as an over-the-road truck driver, though the United States contends he used that employment to further controlled substance trafficking. Although Jaquez has limited criminal history and significant ties to this district that can be considered to rebut the § 3142 presumption, when the proffered evidence is considered, the court concludes pretrial detention is nonetheless warranted.