IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JASON LEONARD GULDEN,

Defendant.

Case No. 3:25-cr-110

**UNITED STATES' REPLY TO MOTION FOR PROTECTIVE ORDER FOR ESI**

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Matthew P. Kopp, Assistant United States Attorney, submits this reply to Defendant Jason Gulden's objection to its motion for a protective order for electronically stored information.

Gulden never addresses the main reason the United States seeks a protective order: Attachment B to every search warrant for an electronic device limits the data law enforcement may seize to information related to the crimes under investigation. As the cases cited in its motion make plain, the United States cannot disclose more than what the Court allowed it to seize without the owner's consent or a subsequent order. (Doc. 130 at 5–6, 9.) Remaining Data is not the United States' to possess, use, or give. All Identified Data—including any exculpatory or (to the extent applicable) impeachment information encountered during review—has been or will be disclosed to Gulden.

In Gulden's view, the United States insufficiently defined the scope for the proposed protective order. Not so. The motion specified that the protective order would relieve "any obligation to disclose to . . . Gulden Remaining Data on electronic devices

searched pursuant to warrants absent signed consent from the owner or a subsequent court order." (Id. at 11.) The scope is therefore all devices searched pursuant to warrants, either state or federal and whether searched already or in the future. The same principles apply to every device searched under a warrant because every warrant for a device includes an Attachment B that limits the data permitted to be seized. Gulden cannot claim to lack knowledge on which devices the United States searched pursuant to warrants when he has received the warrants disclosed to date in discovery and repeatedly cites to them in his motion. (Doc. 138.)

To the extent the Court deems the identification of specific devices necessary, the list so far includes devices searched in Case Nos. 3:24-mj-481, 3:25-mj-244, 3:25-mj-317, 3:25-mj-385, 3:25-mj-402, 3:25-mj-403, and 3:25-mj-479.[1] The warrants and Identified Data from several of those devices have yet to (but soon will be) disclosed.

That issue highlights the very reason the identification of specific devices should not be required. The list of devices searched under warrants has grown and will continue to grow in this case. The same will be true in most cases, especially in drug prosecutions where defendants' or witnesses' phones are often seized and searched after indictment. Defendants will receive adequate notice as to which devices were seized and searched through disclosure of the warrants and Identified Data in discovery. Devices searched by consent will be disclosed with law enforcement reports, audio recordings, or written

---

[1] Gulden references a device seized during a North Dakota state search warrant on July 30, 2024. (Doc. 138 at 2 n.1.) Law enforcement searched that device not under a warrant but with consent from the owner, as documented in the law enforcement report Gulden cites. By its terms, the proposed protective order would not apply to that device.

forms documenting the consent. It is not practical for the United States to submit a motion for a protective order every time a new device is searched under a warrant. Either all devices searched pursuant to warrants qualify for a protective order or none do. In this case, the United States identified in its motion particularized reasons—including the Fourth Amendment, safety concerns, and competing ethical obligations—that all such devices should qualify.

Gulden's argument that the United States is attempting to dodge its obligation to disclose impeachment material from seized devices assumes too much. As an initial matter, "[u]nder Giglio v. United States, the government must disclose matters that affect the credibility of *prosecution witnesses*." United States v. Morton, 412 F.3d 901, 906 (8th Cir. 2005) (internal citation omitted) (emphasis added). A codefendant or target under continuing investigation whose device is searched involuntarily pursuant to a search warrant is not a prosecution witness. If that individual later cooperates and becomes a witness, additional review and disclosure may become necessary to comply with Brady and Giglio obligations. But the United States is in no way compelled to search for impeachment material on a non-witness's device.

Gulden also ignores that he will have the opportunity to move for an order to access the Remaining Data on any device he believes is necessary to prepare a defense. (Doc. 130 at 10.) Rather than make a proper showing of need for data the United States is not permitted to possess or disclose, Gulden simply believes himself entitled to the entire contents of any device seized by law enforcement. That is not the law.

The United States respectfully requests that its motion for a protective order be granted as to all devices searched pursuant to warrants—past and future—absent signed consent of the owner or a subsequent order. Gulden cites no statute, rule, or case law that would allow him to examine the agents who searched the devices. The Court should reject that request.

Dated:  July 22, 2025

JENNIFER KLEMETSRUD PUHL
Acting United States Attorney

By:      */s/ Matthew P. Kopp*
MATTHEW P. KOPP
Assistant United States Attorney
ND Bar ID 09572
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
matthew.kopp@usdoj.gov
Attorney for United States